UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDRA BURTON | CIVIL ACTION |
| VERSUS | NO. 24-737 |
| NATIONAL FIRE & MARINE INSURANCE COMPANY | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion to dismiss filed by defendant National Fire & Marine Insurance Company ("NF&M").[1] The motion is set for submission on July 11, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance July 3, 2024. Plaintiff Sandra Burton, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 6.

[2] R. Doc. 6-3.

[3] This is an insurance coverage dispute arising out of damage to Burton's property allegedly sustained during Hurricane Ida. Burton alleges that her property, located in Hammond, Louisiana, was covered by an insurance policy issued by NF&M at the time of the hurricane but that the insurer has failed to pay for the damages. R. Doc. 1-1 at 2. Burton asserts a claim against NF&M for breach of contract and seeks penalties and attorney's fees under La. R.S. 22:1892 and 22:1973. *Id.* at 2-4. NF&M now files the instant motion to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. In the motion, NF&M argues that Burton has no claim under the policy because she is not the named insured, attaching a copy of the policy's declarations page. R. Docs. 6-1 at 1-3; 6-2 at 1-2. Instead, says NF&M, the policy at issue is a "lender-placed policy" procured by Burton's mortgage lender, United States Department of Agriculture Rural Housing Services ("USDA"), to protect its interest in the property against a covered loss. R. Doc. 6-1 at 2-3. NF&M further argues that the case should be dismissed under Rule 12(b)(1) for lack of standing since Burton is not a named insured or intended third-party beneficiary. *Id.* at 5-6. However, NF&M's argument regarding Burton's lack of standing goes to the merits of her claims, not Article III standing. *See Cotton v. Certain Underwriters at Lloyd's*, 831 F.3d 592, 595 (5th Cir. 2016) ("We thus do not view the fact that the [plaintiffs] were not a named insured in the policy covering property they owned as a defect that goes to Article III standing."); *Brown v. Am. Mod. Home Ins. Co.*, 2017 WL 2290268, at *3 (E.D. La. May 25, 2017) ("The issue of whether plaintiffs have 'standing' in the sense of a right to sue under the contract is better analyzed as whether they have stated a claim under Rule 12(b)(6)."). Thus, the Court analyzes the argument under Rule 12(b)(6), not (b)(1). Under the standard for a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Louisiana law, an insurance policy, like

IT IS ORDERED that the motion to dismiss (R. Doc. 6) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's claims against defendant National Fire & Marine Insurance Company are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of July, 2024.

                                                             BARRY W. ASHE
                                                             UNITED STATES DISTRICT JUDGE

---

any other contract, is construed according to the general rules of contract interpretation set forth in the Louisiana Civil Code. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256-57 (5th Cir. 2022) (citing *Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007)). "Courts must first consider the parties' intent by examining the words of the policy." *Id.* at 257 (citing *Sims v. Mulhearn Funeral Home, Inc.*, 956 So. 2d 583, 589 (La. 2007); La. Civ. Code arts. 2045-2046). In examining the terms of the policy, "'words and phrases in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning, in which case the words must be ascribed their technical meaning.'" *Id.* (quoting *Sims*, 956 So. 2d at 589). "'When the words of an insurance contract are clear and unambiguous and lead to no absurd consequences, courts must enforce the contract as written and may make no further interpretation in search of the parties' intent.'" *Id.* (quoting *Gorman v. City of Opelousas*, 148 So. 3d 888, 892 (La. 2014)). A court cannot exercise "inventive powers to create an ambiguity where none exists or [make] a new contract when the terms express with sufficient clearness the parties' intent." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003).

    "'To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy.'" *James v. Am. Sec. Ins. Co.*, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021) (quoting *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 641 (E.D. La. 2019)). Here, NF&M contends, and the policy states, that USDA is the only named insured, and there are no additional insureds listed. To have standing, then, Burton must be an intended third-party beneficiary of the policy. "Under Louisiana law, a contracting party may stipulate a benefit for a third person called a third-party beneficiary. Louisiana courts have termed this stipulation as a *stipulation pour autrui*." *Haley v. Am. Sec. Ins. Co.*, 643 F. Supp. 3d 604, 611 (E.D. La. 2022) (footnotes omitted). "There are three key criteria in Louisiana law for determining whether such a stipulation exists in a contract: (1) the stipulation must be 'manifestly clear;' (2) the benefit to the third party must be certain; and (3) the benefit may not be a 'mere incident' of the contract." *James*, 2021 WL 5795292, at *2 (quoting *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006)). Courts are not to presume the existence of a stipulation *pour autrui* in a contract. *Id.* Moreover, "[t]he party claiming the benefit [of a stipulation *pour autrui*] bears the burden of proof." *Joseph*, 939 So. 2d at 1212.

    In neglecting to oppose NF&M's motion, Burton has failed to satisfy her burden of demonstrating that the policy contains a stipulation *pour autrui*. Thus, since NF&M is the only named insured shown on the policy, R. Doc. 6-2 at 1, and Burton has not come forward with evidence of her status as a third-party beneficiary under the policy, dismissal is proper as Burton does not have standing to bring a breach-of-contract claim against NF&M. Further, because Burton does not have standing to bring a breach-of-contract claim, she similarly cannot assert claims for statutory penalties under La. R.S. 22:1892 and 22:1973. *See, e.g., Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002) (so holding as to the statutory predecessors of these penalty provisions).